UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| VICTOR M. LARA MORALES, | |
|---|---|
| Plaintiff, | No. 3:17-cv-0927 (MPS) |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

The Commissioner of Social Security (the "Commissioner") moves to dismiss plaintiff Victor M. Lara Morales's ("Morales") complaint because Morales did not timely file this action, and because no circumstances warrant equitable tolling. (ECF No. 12.) As set forth below, I agree and GRANT the Commissioner's motion.

**I.      Factual Background**

Morales received Supplemental Security Income ("SSI") benefits based on disability as a child. (*See* ECF No. 13 at 12.)[1] When Morales turned eighteen, the Commissioner re-reviewed his case under the standards for adults and determined that Morales was not disabled. (*See id.*) Morales appealed that determination, and following a hearing an Administrative Law Judge ("ALJ") found that Morales had not been disabled since February 24, 2012. (*Id.* at 29.) Morales requested review of the ALJ's decision before the Social Security Administration's Appeals Council. (*Id.* at 3, ¶ 3(b).) In a notice dated January 13, 2017, the Appeals Council denied review.

---

[1] Although I draw some facts from the Commissioner's motion as factual background, I do not rely on these facts in deciding the motion to dismiss.

1

(*Id.* at 30.) The notice set forth when and how Morales could seek court review of the ALJ's decision and the procedure he would need to follow:

**If You Disagree With Our Action**

If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.

If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.

**How to File a Civil Action**

*You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live.* The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided for in rule 4(i) of the Federal Rules of Civil Procedure.
[. . .]

**Time to File a Civil Action**

- *You have 60 days to file a civil action (ask for court review).*

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
[. . .]

(*Id.* at 32–33 (emphasis added).) In sum, the notice specified that Morales could seek review by filing a complaint in this court 60 days after he received the notice (which the Appeals Council presumed was January 18, 2017, unless Morales showed otherwise) or Morales could seek an extension of that deadline. (*Id.*) The notice stated that Morales would also need to deliver copies

2

of the complaint and the court-issued summons to the U.S. Attorney's Office for the District of Connecticut. (*Id.*) This notice was also provided in Spanish. (*Id.* at 36–37.)

Morales completed a *pro se* complaint form dated February 15, 2017, and subsequently sent it to the U.S. Attorney's Office for the District of Connecticut. (ECF Nos. 1, 1-1.) That complaint indicates that Morales received the Appeals Council's denial notice on the same day, February 15, 2017. (ECF No. 1 at 13.) Neither Morales's complaint nor any other document the Court might consider on a Rule 12(b)(6) motion suggests that Morales sought an extension of his time to file. The Court notes that the Commissioner submitted a declaration indicating that Morales did not seek an extension, but the Court may not and does not consider the facts asserted in that declaration in deciding this motion. (ECF No. 13 at 3–4, ¶ 3(c).)

In a letter dated June 6, 2017 from John B. Hughes, Chief of the Civil Division (the "Hughes Letter"), the U.S. Attorney's Office informed the Clerk's Office of this Court that the Office had received Morales's complaint as well as complaints in four other social security cases, and enclosed the complaints for filing. (ECF No. 1-1.) Hughes explained: "In each instance I waited to see if the matter was separately docketed but I don't believe any of these cases were ever filed. This strengthens my belief that these Complaints were intended to be <u>filed with the Court</u>." (*Id.* (emphasis in original).) The Hughes Letter listed "Karen Fiszer – OGC" and "Dawn Dellaquila" in the "cc" line, who, presumably, were attorneys in the Social Security Administration's Office of the General Counsel. (*Id.*) The Court docketed Morales's complaint the same day, June 6, 2017, with the Hughes Letter attached. (ECF No. 1.)

## II. Legal Standard

"Section 405(g) of the Social Security Act provides that a claimant may seek judicial review of a final decision of the Commissioner by commencing a civil action within 60 days after

3

receiving notice of the decision (or within such further time as the Commissioner may allow)." *Seward v. Colvin*, No. 3:16-CV-301 (RNC), 2016 WL 7341700, at *2 (D. Conn. Dec. 19, 2016), *appeal dismissed sub nom. Seward v. Comm'r of Soc. Sec. Admin.*, No. 17-509, 2017 WL 3658839 (2d Cir. June 27, 2017). The Supreme Court has held that this 60-day requirement "is not jurisdictional, but rather is a statute of limitations." *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). This limitation is a "condition on the waiver of sovereign immunity and thus must be strictly construed." *Id.* at 479.

Because statutes of limitations are affirmative defenses, a motion to dismiss on limitations grounds "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." *Rodriguez ex rel. J.J.T. v. Astrue*, No. 10 CIV. 9644 PAC JLC, 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011), *report and recommendation adopted*, No. 10 CIV. 9644 PAC JLC, 2012 WL 292382 (S.D.N.Y. Jan. 31, 2012) (citations and internal quotation marks omitted). Although often affirmative defenses are inappropriate for resolution on a motion to dismiss, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

Under Rule 12(b)(6), the Court must determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). In addition, because Morales is *pro se*, the Court must "construe his pleadings liberally to raise the strongest arguments they suggest." *Id.* In deciding the motion, the Court must limit itself

"to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," as well as matters of which judicial notice may be taken. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The Court may take notice of documents filed in the case not for the truth of the matter asserted, but simply to establish the fact of such filings. *See id.* at 774 (explaining that district courts may take judicial notice of filings in related litigation). The Court should grant a Rule 12(b)(6) motion to dismiss that raises a statutory limitation as an affirmative defense where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Staehr*, 547 F.3d at 425 (2d Cir. 2008)).

## III. Discussion

The Commissioner moves to dismiss Morales's complaint because (i) Morales did not comply with the 60-day requirement to seek judicial review of the Commissioner's final decision, and (ii) no circumstances justify equitable tolling of that deadline. (ECF No. 12.) Morales did not file an opposition to the motion.[2] Because I agree with the Commissioner on both grounds, I GRANT the motion to dismiss.

### A. Timeliness

As discussed, § 405(g) of the Social Security Act prescribes a 60-day deadline for seeking judicial review of the Commissioner's final decision, unless the Commissioner grants an extension:

---

[2] Morales's failure to oppose the motion also provides the Court sufficient grounds to grant it, as the record indicates that this suit is untimely and suggests no basis for equitable tolling. *See* D. Conn L. Civ. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.").

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This remedy is exclusive. *Id.* § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). The Commissioner has interpreted the 60-day period as presumed to begin running 5 days "after the date of [the Appeals Council's notice of denial of request for review of the administrative law judge's decision], unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c) (2018).

Even when construed liberally, Morales's complaint indicates that this action was untimely filed. The Appeals Council's notice of denial attached to his complaint is dated January 13, 2017. (ECF No. 1 at 7.) Morales is thus presumed to have received the notice five days later, or on January 18, 2017. Morales's complaint nonetheless states that he received the notice on February 15, 2017. (ECF No. 1 at 3.) Morales did not assert that he sought or received an extension of the 60-day deadline from the Appeals Council. (ECF No. 1.) However, Morales's complaint was not filed until June 6, 2017—111 days after Morales claims to have received the complaint. (ECF No. 1.) Even when all ambiguities as to when Morales received the notice are construed in his favor, Morales's complaint was filed well after the 60-day deadline and was thus untimely.

B. Equitable Tolling

Although his complaint was untimely, Morales may be entitled to review if he can show the deadline should be equitably tolled because the 60-day deadline is not jurisdictional. *See Bowen v. City of New York*, 476 U.S. at 480. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Watson v. United States*, 865 F.3d 123,

6

132 (2d Cir. 2017) (citation omitted). Diligence means the claimant acted "as diligently as reasonably could have been expected under the circumstances." *Zapata v. Colvin*, No. 3:13 CV 01875 (HBF), 2014 WL 12825147, at *5 (D. Conn. Sept. 18, 2014), *report and recommendation adopted*, No. 3:13-CV-01875 (JAM), 2016 WL 777893 (D. Conn. Feb. 29, 2016) (citing *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003)). The Second Circuit has found extraordinary circumstances warranting tolling where the plaintiff "fails to seek judicial review in a timely manner because of mental impairment . . . or when misleading or covert action by the government or an attorney impedes a claimant from timely pursuing the correct judicial avenues." *Bender v. Astrue*, No. 09-CV-5738 KAM, 2010 WL 3394264, at *5 (E.D.N.Y. Aug. 23, 2010) (internal citation omitted) (citing *Canales v. Sullivan*, 936 F.2d 755, 758–59 (2d Cir.1991), *State of N.Y. v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990)).

I find that Morales was not reasonably diligent here. When his complaint is construed to raise the best argument possible in support of equitable tolling, it shows that: (1) Morales received the Appeals Council's notice on February 15, 2017, which clearly indicated he would need to seek review by filing a civil action in this court within 60 days, in addition to sending a copy of the complaint to the U.S. Attorney's Office (ECF No. 13 at 30–33)[3]; (2) Morales immediately prepared his complaint *pro se*; (3) at some point thereafter, Morales sent the complaint to the U.S. Attorney's Office; (4) Morales does not claim that he asked the Appeals Council for an extension of the 60-day deadline to file (ECF No. 1); and (5) between February 15 and June 6, 2017 (when the action was filed), Morales took no action to confirm either with the Court or the U.S. Attorney's Office whether the complaint was actually filed. In *Seward v. Colvin*, 2016 WL 7341700, Judge Chatigny

---

[3] Although the Appeals Council notice is attached to Morales's complaint only in part, I treat the remainder as incorporated by reference.

held that a social security claimant was not diligent where the claimant "wrote to the U.S. Attorney and apparently took no further action for approximately nine months" before filing. 2016 WL 7341700, at *2. Although Morales was initially diligent in preparing his complaint and actually mailed a form complaint, not just a letter, to the U.S. Attorney's Office, he similarly did nothing to follow up in the four months before it was filed. Like the plaintiff in *Seward*, Morales thus offers "no allegation that would permit the Court to find that [he] acted diligently after [sending his complaint] to the U.S. Attorney notwithstanding the lengthy delay that ensued without any follow up on [his] part." *Id.* at *3. In addition, and unlike the plaintiff in *Seward*, Morales—who filed no opposition to the motion to dismiss—*still* has not explained why he is entitled to equitable tolling or otherwise shown that he has done anything to prosecute this case since it was filed over 14 months ago. *See Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 485 (W.D.N.Y. 2015) (finding equitable tolling unwarranted where "plaintiff has been given an opportunity to address the issue of equitable tolling by submitting papers in opposition to Defendant's motion, but she has failed to respond."); *see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."). Accordingly, Morales has not demonstrated reasonable diligence to warrant equitable tolling here.

Morales also has not presented any extraordinary circumstances that prevented him from timely filing. First, Morales has not made any particularized allegations indicating mental impairments that might have impacted his ability to understand the appeal notice. *Cf. Mulero v. Bridgeport Bd. of Educ.*, No. 3:07-CV-1206 (PCD), 2008 WL 2185928, at *3 (D. Conn. May 22, 2008) (observing that tolling based on mental disability requires a "particularized description").[4]

---

[4] Although Morales's complaint mentions a "learning disorder," it does not provide any details on the nature of the disorder or whether that disorder prevented Morales from understanding the notice. (ECF No. 1 at 2.) Morales's accurate completion of the complaint, though he sent it

8

Second, no misleading or covert action by the government prevented Morales from timely filing. The Appeals Council notice provided clear and correct instructions on where to seek judicial review: "[Morales] [could] file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which [he] live[d]." (ECF No. 13 at 32.) *Compare Laursen v. Massanari*, 164 F. Supp. 2d 317, 321 (E.D.N.Y. 2001) (finding extraordinary circumstances where Appeals Council notice did not clearly specify when to file extension request). The notice further indicated that Morales should *also* "deliver copies of [his] complaint and of the summons issued by the court to the U.S. Attorney," indicating an additional step and not a substitute for filing the original complaint in District Court. (ECF No. 13 at 32.) These instructions were provided in both English and Spanish. (*Id.* at 30–34, 36–37.) *Compare Correa v. Bowen*, 682 F. Supp. 755, 757 (S.D.N.Y. 1988) (finding extraordinary circumstances where appeals notice was sent only in English given that "plaintiff was accustomed to receiving notices in Spanish from the Social Security Administration following decisions requiring her immediate action"). Given these clear instructions on how and when to file, the Court has no basis to treat the complaint Morales attempted to file with the U.S. Attorney's Office "as the equivalent of filing a complaint in court for purposes of the 60-day deadline." *Seward v. Colvin*, 2016 WL 7341700, at *2.

Nor is there any evidence that the U.S. Attorney's Office misled Morales or gave ambiguous advice after receiving Morales's complaint. *See Seward*, 2016 WL 7341700, at *3 (finding no extraordinary circumstances where there was no allegation that claimant "was misled

---

to the wrong place, suggests that this disorder did not prevent him from understanding the notice. *See Seward*, 2016 WL 7341700, at *2 (noting that there was "no allegation that plaintiff has difficulty reading or understanding English and her handwritten submissions indicate that she is quite capable of both").

9

by the U.S. Attorney's office or the Commissioner" into untimely filing). Though this case is arguably distinguishable from *Seward* in the government's admission that it believed Morales's complaint was "intended to be filed <u>with the Court</u>," and yet it waited almost four months "to see if the matter was separately docketed" before notifying the Court, ultimately nothing the U.S. Attorney's Office said or did had any effect on Morales's ability to file timely his complaint. (ECF No. 1-1.) *Compare South v. Saab Cars USA, Inc.*, 28 F.3d 9, 10 (2d Cir. 1994) (reversing finding of equitable tolling where plaintiff's counsel timely mailed Title VII complaint to the Sheriff's Office for service, but failed to file complaint in federal court before the statutory deadline). Morales may have intended to file his complaint when he sent it to the U.S. Attorney's Office, but mistake alone does not constitute extraordinary circumstances—even for a *pro se* litigant. *See Baldwin Cty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (per curiam) (reversing finding of equitable tolling where *pro se* plaintiff filed EEOC "right-to-sue" letter with district court within statutory period, the district court then reminded claimant to file a complaint, but plaintiff failed to timely do so); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (per curiam) (holding that habeas plaintiff's "*pro se* status . . . does not merit equitable tolling"). The Court's review of pertinent Second Circuit decisions has not revealed a case upholding a finding of extraordinary circumstances where a plaintiff erroneously mailed its complaint to the government instead of filing it in court absent additional affirmative misconduct or misstatement on the government's part.[5] Because Morales was not diligent and has not shown extraordinarily circumstances

---

[5] The Supreme Court's holding in *Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965), might be read most broadly to permit equitable tolling where a plaintiff timely filed its claims but simply did so in the wrong venue. *Id.* at 428 (holding that FELA's limitation is tolled "when plaintiff begins a timely FELA action in a state court of competent jurisdiction . . . [which] is later dismissed because of improper venue."). However, the Second Circuit has clarified that *Burnett* does not apply either where the plaintiff's state law claims properly belonged in the original state forum or where the plaintiff files in a court without jurisdiction. *See Maurizio v. Goldsmith*, 230

warranting equitable tolling, I must grant the Commissioner's motion to dismiss his complaint as time-barred by the 60-day limitations period.

Notwithstanding my grant of the Commissioner's motion to dismiss, however, I must take issue with the Commissioner's lack of candor in its briefs. While my review of the docket indicates that the June 6, 2017 Letter was filed as "court only," the letter itself indicates that a copy was sent to the Social Security Administration's Office of the General Counsel. (ECF No. 1-1.) The Commissioner was thus put on notice of Morales's attempt to seek judicial review around February 15, 2017. But the Commissioner's briefs and supporting declaration *nowhere* discuss this attempt or the June 6, 2017 letter, and at times they imply that Morales himself filed the complaint on June 6, 2017. (ECF No. 12 at 2 ("On June 6, 2017, almost six months after the Appeals Council's January 13, 2017 notice, and almost three months after the deadline to file a complaint, Plaintiff commenced this action."); *id.* at 5 ("[T]he CM/ECF system shows that Plaintiff did not file his civil action until June 6, 2018, almost three months after the statutory deadline); ECF No. 13.) Although the Court gives the Commissioner the benefit of the doubt in this instance, the Commissioner is cautioned to exercise greater care to ensure that its briefs accurately set forth the relevant facts going forward. This is important in all cases, of course, but it is crucial when dealing with unrepresented parties.

---

F.3d 518, 520 (2d Cir. 2000) (per curiam) (affirming refusal to toll copyright limitation based on state action for breach of contract where those claims were dismissed as preempted by independent federal copyright claims); *Colon v. Potter*, 51 F. App'x 43, 47 n.3 (2d Cir. 2002) ("[P]laintiff here filed suit in a state court that lacked subject matter jurisdiction . . . and thus was not a court of competent jurisdiction."). As Morales did not file his claims in *any* judicial forum at all, but simply mailed his complaint to the government, *Burnett* has no bearing on this Court's conclusion that tolling is unwarranted.

**IV.    Conclusion**

Because Morales's complaint was untimely and no circumstances warrant equitable tolling, I GRANT the Commissioner's motion to dismiss. (ECF No. 12.) The case is therefore DISMISSED. The Clerk is directed to close this case.

IT IS SO ORDERED.

                                                /s/
                                        Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
             August 7, 2018